UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00083-FDW

| | |
|---|---|
| EDDRICCO LI'SHAUN BROWN-BEY[1], )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, FNU SAPPER, )<br>)<br>    Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Eddricco Li'shaun Brown-Bey's motion to proceed in forma pauperis (Doc. No. 2), which he filed in association with a civil complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

**I.     BACKGROUND**

Plaintiff is a prisoner of the state of North Carolina. He claims that on March 25, 2015, he, a "Moorish American National,"

> was 'kidnapped' (unlawfully imprisoned) by the public servents [sic] of (THE STATE OF NORTH CAROLINA) and is being held hostage for profit under the 'Ex post Facto' status of ('Black' inmate opus number . . .)[.] These convictions are unlawful and now constitute hostage taking, peonage[,] Human Trafficking, Genocide, denationalization, 'slavery and kidnapping.' The State Court enforced 'Ex post Facto' laws upon this Plaintiff, who is not and cannot be a U.S. Citizen[.]

(Compl. 3.) Plaintiff seeks immediate release and $50,000,000.00 in compensatory damages. (Compl. 3.) He also seeks to proceed in this action without pre-payment of fees and costs. (Doc.

---

[1] Incarcerated under the name Eddricco L. Brown. See N. C. Department of Public Safety Public Offender Information, available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list Offender # 0700738 (last viewed April 26, 2018).

1

No. 2.)

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Before turning to Plaintiff's request for compensatory damages based upon his allegations of "hostage taking, peonage[,] Human Trafficking, Genocide, denationalization, 'slavery and kidnapping,'"[2] the Court must address Plaintiff's motion to proceed in forma pauperis (Doc. No. 2).

Federal law requires that a party instituting a civil action in federal district court pay a filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914(a), 1915(a)(1). The Prison Litigation Reform Act states, in relevant part, that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (often referred to as the "three strikes rule"). Plaintiff has previously filed at least three such actions. See Brown-Bey v. Hooks, et al., No. 1:18-cv-15-FDW, 2018 WL 576309, at *2 (W.D.N.C. Jan. 26, 2018) (frivolous); Brown-Bey v. Mecklenburg Cty. Health

---

[2] Although Plaintiff also seeks immediate release from incarceration, such a remedy is not available under § 1983. See e.g. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). To obtain release on the grounds that his state convictions are unlawful, Plaintiff must seek federal habeas corpus relief by way of 24 U.S.C. § 2254 (or appropriate state relief). See id.

Dep't, No. 3:17-cv-00279-FDW, 2017 WL 4484243, at *1 (W.D.N.C. June 16, 2017) (frivolous); Brown–Bey v. North Carolina House of Representatives, et al., No. 1:16–cv–00375–FDW (W.D.N.C. Jan. 27, 2017) (frivolous); see also Brown-Bey v. State of North Carolina, et al., No. 1:17-cv-00722 (D. D.C. April 14, 2017) (frivolous) (Pl.'s Ex., Doc. No. 11). All raised claims identical or similar to those raised in the current Complaint.

Although he labels his Complaint an "Imminent Danger Complaint" (Compl.1), Plaintiff does not allege he is in imminent danger of serious physical injury, see § 1915(g), or cite any facts from which the Court could infer such an allegation. Accordingly, his § 1983 Complaint is not exempt from the PLRA's three strikes rule, and Plaintiff may not proceed in forma pauperis in this action. See id.

### III. CONCLUSION

For the reasons stated herein, Plaintiff is barred by the three strikes rule from proceeding in forma pauperis in this action. See § 1915(g). Because Plaintiff has not prepaid the filing fee in full, the Clerk of Court shall be instructed to close this action.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g); and

2. The Clerk is respectfully instructed to terminate this action.

Signed: April 27, 2018

Frank D. Whitney
Chief United States District Judge